Carroll,
Dec. 6, 1938.

## ALBERT P. DAVIDSON

*v.*

## MAINE & NEW HAMPSHIRE GRANITE CORP'N.

*William N. Rogers* (by brief and orally), for the plaintiff.

*Jewett & Jewett* and *Arthur E. Kenison, (Mr. Theo S. Jewett* orally), for the defendant.

WOODBURY, J. The plaintiff alleged that while he was employed by the defendant in its quarry he suffered an internal injury from the excessive vibration of a defective pneumatic drill, or jack hammer which the defendant's superintendent had promised to have repaired.

In the original declaration filed with the writ the date of this injury was set out as "on or about the first day of November 1933." About five weeks before trial in the Superior Court the plaintiff's deposition was taken, and his counsel at that time announced that in view of a copy of the defendant's payroll, which he then saw for the first time, he would file a motion to amend his declaration by alleging the date of injury as on or about July 25, 1934. Such a motion was later filed and allowed and the defendant made no objection. The plaintiff's second motion to amend by alleging the date of injury as on or about June 25, 1934, instead of on or about July 25 of that year, to the granting of which the defendant did except, was made on the day of trial when counsel for the plaintiff for the first time saw an authenticated copy of the defendant's pay records.

Counsel for the defendant admits that this motion to amend presented a question for the discretion of the court below (P. L., c. 334, s. 9; *Bacon* v. *Thompson*, 87 N. H. 270; *Whitney* v. *Hood & Sons*, 88 N. H. 483), but argues that in this instance that discretionary power was abused. His contention is that the granting of this motion just before the trial began and without giving the defendant a continuance was unreasonable as a matter of law because it deprived the defendant of an opportunity to procure evidence to meet the changed date of injury. This contention cannot be sustained for the reason that the defendant's payroll, coupled with what the plaintiff said in his deposition, gave the defendant full and seasonable information, or opportunity to obtain information, as to the date of the alleged injury.

In his deposition the plaintiff did not pretend to be able to fix the date of his injury by reference to a calendar, but said that he calculated it only by relating his injury to a change in the nature of his work. He said that his injury occurred about half an hour before he ceased work on the afternoon of the last day of his operation of a jack hammer, and that after that date he worked for the defendant as a boss on the night shift, his work in this supervisory capacity continuing until the quarry shut down late in November. From a certified copy of the defendant's payroll introduced in evidence, it clearly appeared that the actual date of this change in the nature of the plaintiff's employment occurred on June 27, 1934. From these statements made five weeks before trial the defendant must have known that the plaintiff in setting the date of his injury was not relying upon his own memory but upon the data contained in the defendant's pay records. Since this data was at all times in the de-

fendant's possession, and since it had ample notice before the trial began that the plaintiff was relying upon it instead of upon his recollection, it was reasonable for the court to find that if the defendant was surprised at all by the plaintiff's last-minute motion to amend, it was surprised only because of its failure to discover the obvious. The defendant's knowledge before trial of the manner in which the plaintiff arrived at the date of his injury, and its possession of the facts upon which it knew the plaintiff relied in calculating that date, provide a sufficient basis in reason for the ruling of the court granting the plaintiff's motion to amend.

The defendant's contention that the court abused its discretionary powers, (*Wisutskie* v. *Malouin*, 88 N. H. 242), in denying its motion to set the verdict aside as excessive is also without merit. The plaintiff's evidence tended to show that at the time of his injury he was forty-five years old and that prior to that time he had enjoyed robust physical health. It also showed that due to a nervous breakdown suffered as a young man he was unable to do anything during most of his adult life except out-door labor, and, being a strong, intelligent and faithful worker, that his employment in that way had been practically continuous. There was evidence that after his injury he was unable to do the only kind of available work which his nervous disorder permitted, that he was in practically constant discomfort if not in actual pain, that he had to wear an uncomfortable steel brace or harness both day and night, and that these conditions were permanent. Under these circumstances we cannot say that the court was in error in failing to find that the weight of evidence indicated the verdict of ten thousand dollars to be excessive.

The defendant contends that the plaintiff could not have been seriously injured because he continued to work in the quarry until it shut down in November. This argument has persuasive force but it is not determinative. The reason for this is the evidence that immediately after his injury the plaintiff's work became supervisory rather than manual and the further evidence that when the plaintiff was laid off he was in a state of complete physical prostration.

The defendant further contends that its motion to set the verdict aside should be granted because the jury were influenced by passion and prejudice and fell into a plain mistake. This ground cannot avail the defendant here because by denying the motion the Presiding Justice impliedly found that the trial was fair. *State* v. *Hale*, 85 N. H. 403, 413.

During the course of his argument counsel for the plaintiff referred

538

to one of the defendant's medical experts as a "fifty dollar a minute man" when the only evidence was that this expert proposed to charge the defendant fifty dollars for his services if he was not detained in court over half an hour. Counsel for the defendant objected to this characterization and the court ordered the jury to disregard it but nevertheless an exception was requested. Even though the statement was beyond the proper range of forceful rhetoric in commenting upon the evidence, what was said furnishes no ground for disturbing the verdict because there is nothing to indicate that the jury failed to heed the court's warning to disregard it. *Hamlin* v. *Philbrook*, 78 N. H. 144, 146. We do not consider that the poison injected into the minds of the jury by the statement was so virulent that the antidote administered by the court was, as a matter of law, powerless to counteract its effect.

The defendant's exceptions to the court's rulings on the admission of evidence have been neither briefed nor argued and are understood to have been waived.

*Judgment on the verdict.*

BRANCH, J., was absent: the others concurred.